**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 08-05845 |
| Rhoden, Joshua R. ) | |
| Last Four Digits of SSN: 5003 ) | Chapter 13 |
| Rhoden, Meredith Lynn ) | |
| Last Four Digits of SSN: 6359 ) | |
| ) | |
| ) | |
| Debtor ) | |

**NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION**

**TO: James M. Wyman, Chapter 13 Trustee, P.O. Box 997, Mt. Pleasant, SC 29465-0997; and SC Department of Revenue and Tax, PO Box 12265, Columbia, SC 29211.**

**PLEASE TAKE NOTICE** that pursuant to 11 U.S.C. §1323 and F.R.Bankr.P. 2002(a)(6), the Debtors are filing the attached modified Plan and that the above identified creditor is adversely affected thereby.

Any Creditor wishing to object to the proposed modification of the Plan must file an Objection with the Clerk of the United States Bankruptcy Court, 1100 Laurel Street, Columbia, South Carolina 29201 within twenty-five (25) days from the date of filing of the plan.

Pursuant to Local Rule 9014-4, any Objection must be written and properly captioned in accordance with Bankruptcy Rule 9004, set forth with particularity the reasons for the Objection and be served on the attorney below, the Trustee, and other parties in interest and filed with the Clerk of this Court not later than the deadline given above. Any objecting party failing to comply with this procedure may be denied the opportunity to appear and be heard by the Court and the Modified Plan may be confirmed.

If the Modified Plan adversely affects any party, and the adversely affected party files an objection within twenty-five (25) days after the service, the objection will be heard at the confirmation hearing, notice of which is given in the Notice of Meeting of Creditors. If the modified plan adversely affects any party and the adversely affected party files an objection within twenty-five (25) days after the date of service and such timely objection is filed after the confirmation hearing, a hearing on the objection will be scheduled and notice of such hearing will be given.

The undersigned hereby certifies that she has properly served this notice and the accompanying plan and related motions on the parties listed above.

|  |  |
|---|---|
|  | /s/ Elizabeth M. Atkins |
| December 8, 2008 | Elizabeth M. Atkins, Esquire  D.C.I.D. 4436 |
|  | Attorney for Debtor |
|  | 778 St. Andrews Blvd. |
|  | Charleston, SC 29407 |
|  | Telephone: (843) 763-0333 |

**CERTIFICATE OF MAILING**

I HEREBY CERTIFY that I have mailed a copy of the Notice and Amended Plan, dated **December 8, 2008**, to James M. Wyman, Chapter 13 Trustee, P.O. Box 997, Mt. Pleasant, SC 29465-0997 via electronic transmission at **PACER/ECF**, and to the SC Department of Revenue and Tax, via U.S. Postal Service, with sufficient postage attached, on the 8th day of December, 2008.

**By: /s/ Mary M. Stone**
**Office of Elizabeth Atkins**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 08-05845-jw |
| Rhoden, Joshua R. ) | |
| Last Four Digits of SSN: 5003 ) | Chapter 13 |
| Rhoden, Meredith Lynn ) | |
| Last Four Digits of SSN: 6359 ) | **NOTICE, CHAPTER 13 AMENDED** |
| ) | **PLAN AND RELATED MOTIONS** |
| Debtors ) | |

**NOTICE OF:**

    1) **DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF CHAPTER 13 AMENDED PLAN;**
    2) **MOTION FOR VALUATION;**
    3) **MOTION TO AVOID CERTAIN LIENS; AND**
    4) **ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS**

    The following Chapter 13 Amended Plan and Related Motions have been filed in the above-captioned case. They will be considered at the confirmation hearing, notice of which is given in the Notice of Meeting of Creditors. Any objection to the confirmation of the Plan, to the payment of attorney's fees in accordance with the distribution set forth herein, to the Motion to Value Security, to the Motion to Avoid Judicial Liens or to Avoid a Nonpurchase Money, Nonpossessory Security Interests and Liens, or to the assumption or rejection of an executory contract, all as requested herein, must be made in writing, served upon the debtor(s), the undersigned counsel for the debtor, Elizabeth M. Atkins, Esquire, 778 St. Andrews Boulevard, Charleston, SC 29407, and filed with the Clerk of Court, United States Bankruptcy Court, 1100 Laurel Street, Columbia, South Carolina 29201, within twenty-five (25) days from the date of filing this Notice, Chapter 13 Plan and Related Motions. All objections must comply with Bankruptcy Rule 9014-4 (SC LBR 9014-4). The confirmation hearing is not required to be held unless a response, return, and/or objection is timely filed and served.

    The Notice and Chapter 13 Amended Plan shall be served on or before the date they are filed with the Court and according to Federal Rules of Bankruptcy Procedure, Rules 3015 and 2002. Related Motions shall be served on or before the date of their filing with the Court and according to Federal Rules of Bankruptcy Procedure, Rule 7004.

    The Chapter 13 Amended Plan and Related Motion proposes to value the security of the following creditors. SC Department of Revenue and Tax

    The Chapter 13 Amended Plan and Related Motions propose to avoid a judicial lien or to avoid a nonpurchase-money, nonpossessory security interest or to avoid a lien of the following creditors. Pioneer Credit; Lender Loans

    The Chapter 13 Amended Plan and Related Motions do not propose the assumption of executory contracts of any creditors: N/A.

    **NOTE THAT A FAILURE TO OBJECT TO CONFIRMATION MAY CONSTITUTE AN IMPLIED ACCEPTANCE OF THE AMENDED PLAN.**

**REVIEW THE AMENDED PLAN AND RELATED MOTIONS CAREFULLY**
**TO DETERMINE THE TREATMENT OF YOUR CLAIM.**

    If an objection is filed within twenty-five (25) days after the date of filing and such timely objection is filed before the Confirmation Hearing, the objection will be heard at the Confirmation Hearing, notice of which is given the Notice of Meeting of Creditors. If an objection is filed within twenty-five (25) days after the date of filing and such timely objection is filed after the Confirmation Hearing, a hearing on the objection will be scheduled and notice of such hearing will be given.

    If no objection is timely filed in accordance with SC LBR 9014-4, the Court, upon the recommendation of the Chapter 13 Trustee and without further hearing or notice, may enter an order confirming the plan following the Meeting of Creditors (11 U.S.C. §341 Meeting) and granting the other relief requested therein.

**NOTICE**

The Plan below contains language that is in addition to that approved for use in the Chapter 13 Plans in the United States Bankruptcy Court for the District of South Carolina, or otherwise alters the approved Form Plan. Such language is highlighted by italics.

The unapproved language referred to above appears in Paragraphs 2, 4, and _N/A___. Parties wishing to object to inclusion of unapproved language or any provision of the Plan should review the following Notice, Chapter 13 Plan and Related Motions for the correct procedure to be followed.

**CHAPTER 13 AMENDED PLAN AND RELATED MOTIONS**

1. The future earnings and income of the debtor is submitted to the supervision and control of the Chapter 13 Trustee, and the debtor shall pay the Chapter 13 Trustee the sum of $750.00 per month, for a period of FIFTY-EIGHT (57) months or longer if necessary, for completion of this plan according to its terms but not to exceed SIXTY (60) months. The debtor's(s) total obligation under this plan will not be less than $43,500.00 (the base amount), regardless of the unsecured dividend stated in paragraph 6. In addition to the above, the debtor will pay any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt, to the Chapter 13 Trustee.

2. After the deduction from all disbursements of the Chapter 13 Trustee's allowed commission and expenses, the Chapter 13 Trustee shall make disbursements as follows *in paragraph 3 through 7*.

3. Fees and expenses of the attorney for the debtor shall be treated as follows:

    (a) The attorney for the debtor(s) has received $1,200.00 in fees and costs prior to the filing of this case and has agreed to an additional fee and cost reimbursement in the amount of $1,800.00, which latter sum shall be paid under this plan. Additional fees may be sought by Application under the Expedited Fee Procedure.
    (b) The attorney for the debtor(s) has received a retainer and cost advance of $__N/A___ prior to the filing of this case. The attorney has agreed to file fee applications for compensation and expenses in this case and will hold the retainer and cost advance in trust until fees and expense reimbursements are approved by the Court. For plan confirmation purposes only, the fees and expenses of counsel are estimated at $__N/A___ or less.

    Following confirmation of the plan and unless the Court orders otherwise, the Chapter 13 trustee shall disburse $500.00 for the attorney's proof of claim in the initial disbursement made by the Chapter 13 trustee.[1] In addition to the initial disbursement by the Chapter 13 trustee, the balance of the attorney's compensation as allowed under paragraphs (a) or (b) above and the terms of the Operating Order shall be paid to the extent then due, with all funds remaining each month after payment to secured and domestic support creditors as set forth herein.

    In instances where an attorney assumes representation in pending pro se cases and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to other creditors.

4. **Secured Creditors will be treated as follows:**

    (a) Long Term or Mortgage Debt – ARREARAGE ONLY (including, but not limited to, all past due payments and escrow amounts) to be paid to:  None

    (b) Long Term or Mortgage Debt – ARREARAGE ONLY (including, but not limited to, all past due payments and escrow amounts) to be paid to:  None

---

[1] The Chapter 13 Trustee shall not disburse more than the unpaid balance of the fee to be paid under the plan pursuant to (a), the balance of the fee previously applied for and authorized pursuant to (b), or the unpaid balance to be paid together with any supplemental fee then applied for and authorized under the terms of the Operating Order, as applicable.

    (c)      The liens of the following creditors shall be satisfied as follows:

Payments of $317.00 <u>or more</u> per month to Harley Davidson Credit *secured by* 2007 Harley Davidson motorcycle until the net balance/value of the lien plus 7.25% has been paid in full. If the lien is to be valued, the debtor hereby moves to value the lien at __N/A__ in accordance with SC LBR 3015-1 and the notice attached hereto. The basis of the debtor's value is as follows: N/A. Liens senior to the above-named creditor are held by the following creditors in the following amounts: <u>N/A.</u>

Secured tax debt:

Payments of $242.00 <u>or more</u> per month to SC Department of Revenue & Taxation on its claim secured by a tax lien until the net balance/value of its lien plus 7.25% interest has been paid in full. If the lien is to be valued, the debtor hereby moves to value the lien at $11,599.00 in accordance with SC LBR 3015-1 and the notice attached hereto. The basis of the debtor's value is as follows: Equity in real and personal property. Liens senior to the above-named creditor are held by the following creditors in the following amounts: Countrywide Home Loans $174,000.00. Of the remaining tax claim, the following amount of $__TBD__ will be accorded priority unsecured status and the balance of the claim will be accorded general unsecured tax status and paid in accordance with paragraph 6(a) if a proof of claim is timely filed.

    (d)      Other secured debt to be treated as follows:

| | | | |
|---|---|---|---|
| GMAC | 1st lien | 2005 Chevrolet Silverado PU | To be surrendered |
| MCAS | unperfected lien | 2001 Harley Davidson motorcycle | To be paid pursuant to paragraph 6a. |
| GMAC | 1st lien | 2008 Chevrolet Trailblazer | To be kept current |

    (e)      The following payments to mortgage creditors are current and the debtors will continue making payments directly to creditor: Countrywide Home Loans

    (f)      Nonpurchase money security interests: None

The debtor hereby moves to avoid the following nonpossessory, nonpurchase-money security interests pursuant to 11 U.S.C. Section 522(f), and SC LBR 3015-1, and the notice attached hereto. If the debtor intends to avoid a security interest pursuant to other applicable sections of the United States Bankruptcy Code, then the debtor shall so state below and shall file and serve the necessary pleadings on or before the date set for the initial meeting of creditors.

| | | |
|---|---|---|
| Pioneer Credit | $2,850 | None |
| Lender Loans | $  903 | None |

    (g)      Judicial Liens: None

The debtor hereby moves to avoid the following judicial liens pursuant to 11 U.S.C. §522(f), SCLBR 3015-1 and the notice attached hereto. If the debtor intends to avoid a judicial lien pursuant to other applicable sections of the Bankruptcy Code, then the debtor shall so state below and shall file and serve the necessary pleadings on or before the date set for the initial meeting of creditors.

5.    **Priority Claims**

    (a)    All 11 U.S.C. 507(a)(7) priority creditors (pre-petition domestic support obligations) shall be treated as follows:

    No obligation for pre-petition domestic support obligation is owed.

    All post-petition domestic support obligations will be paid by the debtor outside the plan and shall be kept current.

  (b) Except as set forth in Paragraph 2 and 3 *and* subsequent to the above, all other 11 U.S.C. §507 priority creditors (including, but not limited to, pre-petition taxes or other claims by governmental units) will have the allowed amounts of their pre-petition claims paid on a pro-rata basis. The debtor shall pay all similar post-petition priority obligations directly to such creditors as they come due directly to such creditors. Internal Revenue Service and SC Department of Revenue & Tax

6. **Unsecured Claims -** subsequent to the above, unsecured creditors will be treated as follows:

  (a) General Unsecured Creditors will be paid not less than 5% of their allowed claims, on a pro-rata basis. If no percentage is stated, then general unsecured claims will be paid 100% of their allowed claims on a pro rata basis. If the unsecured claims are entitled to full payment on their claims plus interest, interest shall be paid at the rate of  N/A %

  (b) The following Creditors who hold unsecured consumer claims with co-debtors will be paid N/A % of their allowed claims plus N/A % interest on a pro rata basis

  (c) The following Creditors who hold unsecured claims of a kind specified in 11 U.S.C. Section1328(a)(2) and (3), will be paid N/A % of their allowed claims plus N/A % interest on a pro rata basis.

7. The debtor moves for assumption of the executory contracts and unexpired leases listed below. The debtor agrees to abide by all terms of the agreements and to cure any pre-petition arrearage or default in the manner listed below. None

  Any executory contract or lease not specifically mentioned above is treated as rejected.

8. Upon confirmation of the plan, property of the estate will remain property of the estate, but title to the property shall revest in the debtor. With respect to secured claims being paid through the plan, the holders of secured claims shall retain liens until the earlier of payment of the underlying debt, as determined under non-bankruptcy law, or discharge under 11 U.S.C. § 1328(a). If this case is dismissed or converted without completion of the plan, all liens shall be retained to the extent recognized by non-bankruptcy law. Unless the plan provides otherwise, secured creditors shall retain its liens until the allowed amount of the secured claims are paid. The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as provided for in this plan, the Order confirming the plan or other Order of the Court. Completion of all plan payments shall impose an affirmative duty on secured creditors paid under the plan to satisfy liens as required by applicable law. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect post-petition obligations from the income or assets of the debtor-parent/spouse without further Order or relief from the automatic stay without further order of relief from the automatic stay. Any claim for pre-petition child support must be collected in accordance with 11 U.S.C. §507(a)(1) and 11 U.S.C. §1322(a)(2).

  To receive payment from the Chapter 13 Trustee, a secured creditor must file a proof of claim Secured claims which are not filed within the time required by Fed. R. Bankr. P 3002(c) may be disallowed or subordinated to other claims upon further order of the Court.

  Confirmation of this Plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Fed. R. Bankr. P. 3001 or Fed. R. Bankr. P. 3002.

If property is to be released or otherwise surrendered pursuant to this plan, the creditors holding a lien on, or interest in, the property to be released must provide the Trustee with acceptable evidence of perfection of the lien or interest, otherwise, the property may not be released or surrendered.

Any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the Chapter 13 Trustee, unless an itemized proof of claim for any deficiency is filed within a reasonable time after the removal of the property from the protection of the automatic stay. The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have been paid to such creditor will be distributed to other creditors, unless the Court orders otherwise. This also applies to creditors who may claim an interest in, or lien on, property which is removed from the protection of the automatic stay by another lienholder or released to another lienholder unless the Court orders otherwise.

If a tax creditor files a claim which is allegedly a secured claim but does not timely object to confirmation of this plan, then the claim may be paid as priority claim.

If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor may be treated as unsecured for purposes of distribution under the Plan.

The debtor will not incur indebtedness or sell property outside the ordinary course of business without permission of the court.

The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor.

If a claim is scheduled as unsecured, and the creditor files a proof of claim alleging that the claim is secured, but does not object timely to the confirmation of the plan, then the creditor may be treated as unsecured for the purposes of distribution under the Plan.

This paragraph is not intended to limit the right of the creditor affected by this paragraph to seek relief from the stay or to object to the discharge of the debt. Nothing in this paragraph shall be deemed to affect the lien rights of the creditor except as otherwise specifically provided under the plan or by order of the court.

Nothing herein is intended to waive or affect adversely any rights of the debtor, Chapter 13 Trustee, or party with respect to any causes of action.

9. Pay order request or other plan provisions, not inconsistent with the above.

| | |
|---|---|
| Charleston, South Carolina | /s/ Elizabeth M. Atkins |
| Dated: December 8, 2008 | Elizabeth M. Atkins, Esquire   D.C.I.D. 4436 |
| | Attorney for Debtor |
| | 778 St. Andrews Blvd. |
| | Charleston, SC 29407 |
| | Telephone: (843) 763-0333 |

**CERTIFICATE OF SERVICE**

**The undersigned hereby certifies that she properly served the foregoing Notice, Plan and Related Motions on James M. Wyman, Chapter 13 Trustee, via electronic transmission through PACER/ECF; and via U. S. Postal Service, SC Department of Revenue & Tax, PO Box 12265, Columbia, SC 29211, with sufficient postage attached, this 8th day of December, 2008.**

/s/ Laura Beth Winge
**Charleston, South Carolina**            **Office of Elizabeth M. Atkins**

5