**Form 162BNC**  (Revised 12/20/2007)

**United States Bankruptcy Court – District of South Carolina**
J. Bratton Davis United States
Bankruptcy Courthouse
1100 Laurel Street
Columbia, SC 29201−2423

Case Number: 08−05845−jw                                                              Chapter: 13

**In re:** *(Debtor(s) name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address)*

| | |
|---|---|
| Joshua R. Rhoden | Meredith Lynn Rhoden |
| 992 Grafton Drive | 992 Grafton Drive |
| Beaufort, SC 29906 | Beaufort, SC 29906 |
| SSN: xxx−xx−5003 | SSN: xxx−xx−6359 |

**Entered By The Court**
**2/3/09**

**ORDER CONFIRMING PLAN AND RESOLVING MOTIONS**

**Filed By The Court**
**2/3/09**
**Tammi M. Hellwig**
**Clerk of Court**
**US Bankruptcy Court**

It having been determined after notice and hearing that the plan filed by the debtor(s) on **12/08/2008,** as modified on **N/A,** complies with the provisions of Chapter 13 (11 U.S.C. § 1301 et seq.), and with all other applicable provisions of Title 11 of the United States Code and that all fees and charges to be paid before confirmation have been paid, this court concludes that the plan should be confirmed therefore,

**IT IS ORDERED THAT:**

1. The plan be, and hereby is, confirmed. Unless otherwise provided for in this order, the plan is to continue for the period called for in the plan even if such time extends beyond thirty−six (36) months. However, if the plan calls for payment of 100 percent of the outstanding unsecured debt, the plan shall continue until all allowed claims have been paid. If the plan calls for payment of less than 100 percent of the outstanding unsecured debt, the plan shall continue for the greater of the number of months called for in the plan or the period of time necessary to pay the percentage of unsecured debt directed to be paid under the plan. In no event shall the duration of the plan exceed sixty (60) months, as that term is defined by applicable statute

2. Beginning no more than thirty (30) days after the filing of the petition, the debtor(s) shall pay to James M. Wyman, Trustee, PO Box 110, Memphis, TN 38101−0110, the sum provided for in said plan.

3. No property received by the trustee for the purpose of distribution shall revest in the debtor except to the extent that such property may be in excess of the amount needed to pay in full all allowed claims as provided in the plan. Such property may be applied under the plan without any further order of this court. Except as otherwise provided by this court, all property described in 11 U.S.C. § 1306(a) shall remain property of the estate until such time as the case is dismissed or a discharge is granted.

4. After payment of the filing fees and prior to the payment of other fees, the trustee shall deduct the percentage fee, fixed by the Attorney General of the United States pursuant to 28 U.S.C. § 586, from any disbursement made pursuant to the plan. Unless otherwise directed by this court, the attorney's fee payable to the debtor's attorney may be paid directly by the debtor(s) or through the plan.

5. The debtor(s) may not incur indebtedness or sell property outside the ordinary course of business without permission of the court.

6. Unless the court orders otherwise, the net value to the estate of any preferential transfer, fraudulent transfer, any other recoverable transfer, or any cause of action listed on the schedules or statements of the debtor(s) has been considered in determining the payments required by the plan, therefore, the trustee is not required to pursue the recovery of such an asset, unless he chooses to do so.

7. Pursuant to 11 U.S.C. § 506(a), the court hereby values those secured claims set forth in the confirmed plan at the amounts set forth in the confirmed plan or by separate order and voids those liens to the extent permitted by 11 U.S.C. § 506(d), § 1325(a), and applicable law. If a creditor with a claim valued files a proof of claim as unsecured or as secured in an amount less than the value set forth, this order will not operate to change the classification or amount set forth in the proof of claim.

8. Pursuant to 11 U.S.C. § 522(f)(1)(B), the court hereby finds that the security interests to be avoided as set forth in the confirmed plan or by separate order impair an exemption to which the debtor(s) would otherwise be entitled under 11 U.S.C. § 522(b) and South Carolina Code Sec. 15–41–30 and are, therefore, avoided. Pursuant to 11 U.S.C. § 522(f)(1)(A), the court hereby finds that the judicial liens set forth in the confirmed plan or separate order impair an exemption to which the debtor(s) would otherwise be entitled under 11 U.S.C. § 522(b) and South Carolina Code Sec. 15–41–30 and are, therefore, avoided to the extent set forth in the plan. A judicial lien which is avoided in full may be canceled of record at any time after thirty (30) days after a discharge in this case is entered.

9. This order does not confirm any provision of the aforementioned plan that is not in accord with the provisions of the United States Bankruptcy Code (11 U.S.C. § 101 et seq.) or the Bankruptcy Rules or the Local Rules as adopted by this court.

10. Secured creditors retain their lien to the extent that it is not avoided or modified by specific court order or by this order.

11. Any party entitled to collect a domestic support obligation under applicable non–bankruptcy law may collect post–petition obligations from the income or assets of the debtor–parent/spouse or pursue other enforcement remedies, as provided for under state or federal law, without further Order or relief from the automatic stay. Failure of the debtor–parent/spouse to make post–petition domestic support obligations constitutes a material default in performances under the plan, that may justify dismissal pursuant to 11 U.S.C. Section 1307(c)(11). Any claim for a pre–petition domestic support obligation must be collected in accordance with 11 U.S.C. Section 507(a)(1) and 11 U.S.C. Section 1322(a)(2). (see SC LBR 4001–1).

12. If 11 U.S.C. § 1328(f)(1) or (2) applies, the debtor shall not receive a discharge in cases filed on or after October 17, 2005.

*John E Waites*

Chief United States Bankruptcy Judge

Date: February 3, 2009

Document 33 – 24